IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC HEATH, (SPN #02550401) | § § | |
| Plaintiff, | § § | |
| vs. | § | CIVIL ACTION H-17-2864 |
| ED GONZALEZ, | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND OPINION

Eric Heath, a former inmate of the Harris County Jail ("HCJ"), sued in September 2017, alleging that the defendant violated his civil rights by arresting him without probable cause. Heath, proceeding pro se and in forma pauperis, sues Ed Gonzalez, Sheriff of Harris County.

Based on a review of the pleadings and the applicable law, this court dismisses Heath's complaint and enters judgment by separate order.

**I.     Background**

Heath states that he was arrested on March 27, 201, for failure to signal a lane change. He states that the dash-cam will show that he was never violent and that he was falsely charged with a traffic infraction. Heath states that he was never issued a ticket for a traffic infraction. He complains that he was arrested because he refused to sign the ticket. Heath asserts that he was illegally imprisoned without probable cause.

Heath seeks punitive damages of $500,000.00.

Online research reveals that the grand jury of the 228th Judicial District Court of Harris

County, Texas, returned an indictment against Heath on April 27, 2017, charging him with assault on a public servant. (Cause Number 154562501010). The indictment charged Heath with causing bodily injury to L. Fairchild, a person that Heath knew was a public servant, while Fairchild was lawfully discharging an official duty, namely, detaining Heath. Heath was charged with kicking Fairchild with his foot.

## II. Standard of Review

A district court must dismiss a prisoner's § 1983 complaint if the action is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), the court may dismiss an in forma pauperis complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

## III. Analysis

Liberally construed, Heath complains that his arrest was illegal because it was not based on probable cause. On-line records show that a grand jury indicted Heath for assault on a public servant. "An arrest is unlawful unless it is supported by probable cause." *Flores v. City of Palacios*, 381 F.3d 391, 402 (5th Cir. 2004). "Probable cause exists when the totality of facts and

O:\RAO\VDG\2017\17-2864.a01.wpd

2

circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013).

The probable cause inquiry focuses on the validity of the arrest, not the validity of each individual charge made during the course of the arrest. *See Price v. Roark*, 256 F.3d 364, 369 (5th Cir. 2001); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). A grand jury indictment is sufficient to establish probable cause. *See Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975). When the facts supporting an arrest "are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010). The chain of causation remains intact, however, if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Hand v. Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988). In other words, "the chain of causation is broken only where all the facts are presented to the grand jury, where the malicious motive of the law enforcement officials does not lead them to withhold any relevant information from the independent intermediary . . . ." *Id.* at 1427–28.

Because the grand jury indicted Heath, he must show that Sheriff Gonzalez tainted the grand jury's deliberations in some way. There is no evidence, however, that Sheriff Gonzalez played any role in the indictment process.

Heath's claim against Sheriff Gonzalez for false arrest is dismissed with prejudice as frivolous.

IV. **Conclusion**

Heath's constructive motion to proceed in forma pauperis, (Docket Entry No. 1), is

GRANTED. His claims are DISMISSED as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are DENIED as moot.

The agency having custody of Heath must deduct twenty percent of each deposit made to Heath's inmate trust account and forward payments to the court on a regular basis, provided the account exceeds $10.00, until the filing fee obligation of $350.00 is paid in full.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) Sergeant Tom Katz, Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax 713-755-4546; and

(3) the Southern District of Texas, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on March 9, 2018.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE